WILFORD COON, Appellant, v. HAROLD HUGHES et al., Respondents. GEORGE B. BROWN CORP., Appellant, v. HAROLD HUGHES et al., Respondents. SARAH FRICK, Respondent, v. W. T. BYRNES, INC., et al., Appellants. ELSIE REGER, Respondent, v. W. T. BYRNES MOTOR EXPRESS, INC., et al., Appellants. ANNIE GREENWALD, as Administratrix of the Estate of SAMUEL GREENWALD, Deceased, et al., Respondent, v. WILFORD COON et al., Appellants.— Appeals from judgments entered on the verdict of a jury, Supreme Court, Schenectady County. Inconsistencies follow from the verdict of the jury in this case which are so irreconcilable as to require a new trial. The actions all arise from a collision between a tractor-trailer unit driven by Harold Hughes, who owned the tractor drawing a trailer owned by W. T. Byrnes, Inc., and a taxicab owned by George B. Brown Corp. and driven by Wilford Coon. Both drivers agree that the contact between the vehicles occurred on the north side of State Street, Schenectady, a short distance east of Waldorf Place. There is no conflict about what happened after they came in contact. Both vehicles ran over the sidewalk and onto the lawn of property on the northwest corner of Waldorf Place and into the building at that corner. The plaintiffs who have recovered were either injured in the building or sustained property damage therein. In the actions of Coon and George B. Brown Corp. against Hughes and W. T. Byrnes, Inc., the jury found no cause of action. It found verdicts in favor of all parties suffering injury or other damage in the building against both owners and both drivers of the vehicles involved. The latter all appeal from those verdicts; and Coon and Brown Corp. appeal from the verdicts of no cause of action in their cases. The verdict of the jury necessarily means that a finding has been made

that both drivers of the vehicles involved were negligent. This is a finding that is normally possible in most negligence cases; but under the facts of this case there is no way the proof may be construed fairly to allow latitude for negligence of both drivers. The taxi driver, Coon, testified he was moving westerly in State Street after having entered that street a block east of Waldorf Place and that the tractor-trailer unit overtook him and struck him in the rear causing the accident. Hughes, the driver of the tractor-trailer unit, testified that the taxicab was not being operated in State Street at all, or in Waldorf Place; but that it came off the sidewalk and over the curb on the north side of State Street, about 30 to 35 feet east of Waldorf Place, and ran into the side of the tractor causing the accident. Mr. Hughes indicated the place on a photograph where the taxi came off the curb and this point was east of an electric light pole which in turn is some distance east of the east curb of Waldorf Place. These two versions of the cause of the accident cannot be synthesized by merely holding both drivers negligent. Either one version or the other must be accepted, from which it would follow that one, but not the other, driver was negligent. There ought to be a re-examination of the issues. Judgments reversed on the law and facts and a new trial ordered, with costs to abide the event. Foster, P. J., Bergan, Coon and Zeller, JJ., concur.